UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KAYRAN MOHAMMAD OSKUIE,<br><br>　　　　　Petitioner,<br><br>　　v.<br><br>EOP,<br><br>　　　　　Respondent. | No. 2:22-cv-1107 WBS CKD P<br><br><br>FINDINGS AND RECOMMENDATIONS |

　　　　Petitioner is detained at Atascadero State Hospital and proceeding pro se. On March 1, 2023, the court dismissed petitioner's original petition for a writ of habeas corpus filed pursuant to 28 U.S.C. § 2254 with leave to amend. Petitioner has filed an amended petition. Under Rule 4 of the Rules Governing Section 2254 Cases, the court must review all petitions for writ of habeas corpus and summarily dismiss any petition if it is plain that the petitioner is not entitled to relief. The court has conducted that review.

　　　　The exhaustion of state court remedies is a prerequisite to the granting of a petition for writ of habeas corpus. 28 U.S.C. § 2254(b)(1). A petitioner satisfies the exhaustion requirement by providing the highest state court with a full and fair opportunity to consider all claims before presenting them to the federal court. Picard v. Connor, 404 U.S. 270, 276 (1971); Middleton v. Cupp, 768 F.2d 1083, 1086 (9th Cir. 1985), cert. denied, 478 U.S. 1021 (1986).

/////

1

After reviewing the amended petition for writ of habeas corpus, the court finds that petitioner has failed to exhaust state court remedies.  There is no allegation that his claims have been presented to the California Supreme Court.  Further, there is no allegation that state court remedies are no longer available to petitioner.  Accordingly, the petition should be dismissed without prejudice.[1]

Good cause appearing, IT IS HEREBY RECOMMENDED that petitioner's amended petition for a writ of habeas corpus (ECF No. 16) be dismissed for failure to exhaust state remedies.

These findings and recommendations will be submitted to the United States District Judge assigned to this case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen days after being served with these findings and recommendations, petitioner may file written objections with the court.  The document should be captioned "Objections to Findings and Recommendations."  Petitioner is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).  If petitioner files objections, he shall also address whether a certificate of appealability should issue and, if so, why and as to which issues(s).  Where, as here, the petition was dismissed on procedural grounds, a certificate of appealability "should issue if the prisoner can show: (1) 'that jurists of reason would find it debatable whether the district court was correct in its procedural ruling'; and (2) that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right.'"  Morris v. Woodford, 229 F.3d 775, 780 (9th Cir. 2000) (quoting Slack v. McDaniel, 529 U.S. 473, 484 (2000)).  Petitioner is advised

/////

/////

---

[1] Petitioner is cautioned that the habeas corpus statute imposes a one-year limitations period for filing non-capital habeas corpus petitions in federal court.  In most cases, the one year period will start to run on the date on which the state court judgment became final by the conclusion of direct review or the expiration of time for seeking direct review, although the statute of limitations is tolled while a properly filed application for state post-conviction or other collateral review is pending.  28 U.S.C. § 2244(d).

that failure to file objections within the specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated: April 4, 2023

_____
CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

1
osku1107.103

3